IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **LORETTA CHAMBERS** § | | |
| § | | |
| VS. § | | **CIVIL ACTION NO.** |
| § | | _____ |
| **WAL-MART STORES, INC. d/b/a** § | | **JURY** |
| **SAM'S CLUB and/or WALMART** § | | |
| **INC. d/b/a SAM'S CLUB and/or** § | | |
| **SAM'S EAST, INC. d/b/a SAM'S CLUB** § | | |

### NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendants Wal-Mart Stores, Inc. d/b/a Sam's Club and/or Walmart Inc. d/b/a Sam's Club and/or Sam's East, Inc. d/b/a Sam's Club (incorrectly sued, correctly named "Sam's East, Inc.," Sam's East, Inc. is the only necessary party) file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I.    INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 170th Judicial District Court of McLennan County, Texas, where this matter was pending under Cause No. 2021-494-4 in a matter styled *Loretta Chambers vs. Wal-Mart Stores, Inc. d/b/a Sam's Club and/or Walmart Inc. d/b/a Sam's Club and/or Sam's East, Inc. d/b/a Sam's Club* (the "State Court Action").

### II.    NATURE OF THE SUIT

2. This is a premises liability lawsuit alleging personal injury resulting from claims of negligence against Defendants. *Plaintiff's Original Petition,* pp. 2-3.

3. Plaintiff alleges that on March 16, 2019, she slipped and fell in a puddle of liquid while shopping at Sam's Club. *Id.* at p. 2.

4. Plaintiff brought negligence claims against Defendants in the 170th Judicial District Court of McLennan County, Texas. *Id.* at p. 3.

### III. TIMELINESS AND CONSENT OF REMOVAL

5. Plaintiff commenced this lawsuit by filing her Original Petition on March 1, 2021. Each Defendant accepted service on March 9, 2021 through their agent, CT Corporation. This removal is timely because it is filed less than 30 days after Defendants were served. 28 U.S.C. § 1446.

### IV. BASIS FOR REMOVAL JURISDICTION

6. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Plaintiff is now and was at the time of the filing of this action a legal Texas resident residing and domiciled in Donie, Freestone County, Texas. *Plaintiff's Original Petition*, p. 1. Accordingly, for diversity purposes, Plaintiff is a citizen of Texas.

8. Plaintiff sued Sam's East, Inc. d/b/a Sam's Club. Defendant Sam's East Inc. is now and was at the time of the filing of this action an Arkansas corporation with its principal place of business in Arkansas. Sam's East, Inc. is a wholly owned subsidiary of Walmart Inc. Sam's West, Inc., also an Arkansas corporation, is the sole shareholder of Sam's East, Inc. with its principal place of business in Arkansas. Accordingly, for diversity purposes, Sam's is a citizen of Arkansas. Sam's East, Inc. is the only necessary party.

9. Plaintiff also sued and served Walmart Inc. d/b/a Sam's Club – not a necessary party. Defendant Walmart Inc. is now and was at the time of the filing of this action a Delaware corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

10. Plaintiff also sued and served Wal-Mart Stores, Inc. d/b/a Sam's Club – not a necessary party. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole trustee of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas. Walmart Inc. is the sole owner of Wal-Mart Stores East, LLC. Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

11. There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendants.

12. Upon information and belief, it is facially apparent the amount in controversy exceeds the jurisdictional requirement of $75,000.00, exclusive of interest and costs. Plaintiff alleges she suffered serious bodily injuries and damages. *See Plaintiff's Original Petition*, p. 2.

Plaintiff seeks damages for medical expenses past and future, physical impairment past and future, lost wages and loss of earning capacity past and future, physical pain and suffering past and future, and mental anguish. *Id.* at p. 3. Plaintiff's Original Petition filed March 1, 2021 alleges Plaintiff seeks damages not to exceed $70,000. *Id.* at p. 4. However, in the very next sentence of her Petition, Plaintiff admits she is seeking monetary damages of up to $250,000. *Id.* at p. 4. Moreover, Plaintiff has communicated that the past medical expenses alone which she claims resulted from her fall exceed $200,000. Plaintiff has also presented Defendants with a pre-suit demand which exceeds the jurisdictional threshold for the amount in controversy by a factor of more than eight. As such, Defendants may rely not only on Plaintiff's pleadings, but the nature and extent of her alleged injuries and treatment, as well as the Plaintiff's settlement demand to show the amount in controversy exceeds the minimal jurisdictional amount.

13. Finally, in an effort to confirm the amount in controversy, Defendants sent correspondence to Plaintiff's counsel on March 18, 2021 requesting Plaintiff stipulate she is seeking less than $75,000.00 in damages, exclusive of interest and costs. Follow up correspondence was sent to Plaintiff's counsel on April 6, 2021. Plaintiff's counsel has not responded; thus, there is a presumption that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. *Heitman v. State Farm Mut. Auto. Ins. Co.,* No. 3:02-CV-0433-D, 2002 U.S. Dist. LEXIS 6192 (N.D. Tex. April. 9, 2002).

### VI. THIS NOTICE IS PROCEDURALLY CORRECT

14. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Defendants are not citizens of Texas, the state in which the action was brought. This action is removable to this Court and venue is proper because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

15. Defendants have attached to this Notice of Removal the documents required by 28 U.S.C. § 1446:

    A:     Index of all documents filed in the State Court Action.

    B:     Docket Sheet in the State Court Action.

    C:     Copies of all process, pleadings and orders filed in State Court.

    D:     Signed Disclosure Statement and Certificate of Interested Persons.

16. Defendants are filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Disclosure Statement and Certificate of Interested Persons.

17. Defendants retain the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

18. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 170th Judicial District Court of McLennan County, Texas.

19. Plaintiff has not demanded a jury trial in the State Court Action. Defendants have demanded a jury trial in the State Court Action.

20. Trial has not commenced in the 170th Judicial District Court of McLennan County.

### VII.    CONCLUSION

21. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, and because Plaintiff's claims exceed the jurisdictional threshold, Defendants desire and are entitled to remove the lawsuit filed in the 170th Judicial District Court of McLennan County, Texas to the United States District Court for the Western District of Texas, Waco Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Wal-Mart Stores, Inc. d/b/a Sam's Club and/or Walmart Inc. d/b/a Sam's Club and/or Sam's East, Inc. d/b/a Sam's Club, pursuant to and in conformance with the statutory requirements, remove this action from the 170th Judicial District Court of McLennan County, Texas, to this Court.

**Respectfully submitted,**

By:    */s/ Bevan Rhine*
     **BEVAN RHINE**
     Texas Bar No. 24036265
     brhine@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Ave., Suite 3100
Dallas, TX 75201
214.220.5208 (direct)
214.220.5258 (direct fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify a true and correct copy of this document has been forwarded to the following counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 8th day of April, 2021:

Paul D. Thorson
Williams & Thorson LLP
6444 Broadway
Garland, TX 75043
972.226.4900 / fax 972.226.4903
paul@williamsthorson.com

    */s/ Bevan Rhine*
    **BEVAN RHINE**